[Ward v. The State, ex rel. Parker, et al.]


# Ward *v.* The State, *ex rel.* Parker, *et al.*

## *Quo Warranto.*

(Decided Jan. 23, 1908.   45 South. 655.)

1. *Constitutional Law; Legislative Power; Delegation.*—Section 199 of an act approved Aug. 13, 1907, (General Laws, 1907, p. 892) is not unconstitutional as an attempt to confer upon the governing body of the towns and cities of the state legislative power, which by the Constitution is confined for exercise to the legislature.

2. *Same.*—The legislature has power to pass a valid statute to take effect on the happening of a future event, and to delegate to an officer or a person the power of determining or announcing whether such event has happened.

3. *Municipal Corporations; Organizations; Statute.*—By the terms of the municipal code act (General Laws 1907, p. 790) the same does not become operative until September, 1908; and section 199 thereof qualifies section 2 to the effect of authorizing an event on the happening of which it should go into operation in such municipality in the manner stipulated at an earlier date.

4. *Same; Officers; President of Council.*—Under the charter of the city of Birmingham the mayor performed the duties of the office of president of city council, there being no such officer provided by charter.  By the act of Aug. 13, 1907, (General Laws, 1907, p. 790), section 199, the governing body of the city was required to elect, on the reorganization of the city thereunder, a president of the city council who should hold his term until his successor should be elected at the municipal election in September, 1908.  Held, that such officer, when properly elected, superseded the mayor as president of the city council and was entitled to the rights and privileges and to perform the duties thereof.  (McClellan, J., dissenting.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Information by the state, on the relation. of John L. Parker, and by John L. Parker individually, against George B. Ward to require defendant to show by what authority he exercises and discharges the duties of the office of president of the council of the city of Birmingham.  Judgment for relator, and defendant appeals. Affirmed.

[Ward v. The State, ex rel. Parker, et al.]

The case made by the petition is that on the 21st day of August, 1907, at a regular meeting of the mayor and aldermen of the city of Birmingham, a municipal corporation under the act of the Legislature of the state of Alabama, at which meeting there were present all of the aldermen of said city at said time, the mayor being also present, an ordinance was duly and regularly adopted to organize a city government. of the mayor and aldermen of Birmingham, a municipal corporation, under the provisions of the general municipal laws of Alabama as embodied in an act of the Legislature approved August 13, 1907 (Laws 1907, p. 790), entitled, etc. (here follows the title of the act) ; it being provided in said ordinance that it was to the best interest of the said municipal corporation that said corporation should organize under said act above set out, and it being declared therein that the said mayor and aldermen of Birmingham had so organized under said general municipal law. (2) Alleges the election of relator to the presidency of the council of the city of Birmingham and the fact of his having taken the oath of office and of his having entered upon and exercised his duties of office. (3) and (4) Alleges the time and date that he presided over the council and his having acted as mayor pro tem in the absence of the mayor without let or hindrance from any one until the 26th day of September, 1907. (5) The election of Ward as mayor, and the fact that he was mayor on the 2d day of October, 1907, and that at a regular meeting of the city council on said date that Ward usurped, intruded into, and unlawfully exercised the office belonging to relator, and by force and violence kept and hindered relator from the duties of his office, and claims the right to preside over the future meetings of said council, and now usurps, intrudes into, and unlawfully holds and exercises said office. (6) The fact that he was a

qualified elector and resident citizen of the city of Birmingham. The ordinance is made an exhibit to the petition. After demurrers were overruled to the petition, the defendant answered, denying the right of the aldermen to organize under the general municipal laws, alleging that Parker was illegally elected, denying his right to hold the office, and setting up a number of reasons why this was true. Demurrers were sustained to the answer, and relief granted relator, from which this appeal is prosecuted.

S. D. & J. B. WEAKLEY, and CARMICHAEL & CALDWELL, for appellant. The court takes judicial notice of city charters.—*Lord v. City of Mobile*, 113 Ala. 360; *City of Selma v. Perkins*, 68 Ala. 148. If the construction given section 199 of the Municipal Code Act by the lower court is correct, then it is a delegation of legislative power and not effective.—*Mitchell v. The State, ex rel*, 134 Ala. 392; *Clark, et al. v. Port of Mobile*, 67 Ala. 217; Cooley's Cons. Lim. (5th Ed.) 139, et seq.; *Vesta Mills v. City Council of Charleston*, 61 S. C. 1; *State v. Haygood*, 30 S. C. 519; Locke's Appeal, 72 Pa. 491; *State v. Fields*, 59 Am. Dec. 274. Counsel discuss the various sections of the Municipal Code Act and their relations to each other but cite no authority in support thereof.

CABANISS & BOWIE, for appellee. It is too plain to require argument that section 199 of the Municipal Code Act, has reference to and includes the president of the council, and if there is a conflict between sections 2 and 1 of the act, the last will control.—*Hand v. Stapleton*, 135 Ala. 156. The legislature had authority to take away the right of the mayor to preside over the council of the city of Birmingham and his right to vote as a member of said body.—*Hawvins v. Roberts & Son*, 122

Ala. 146; *Churchill v. Walker*, 68 Ga. 681; *St. Louis v. Shidds*, 52 Mo. 351; *People v. Pinkney*, 32 N. Y. 377; *Humphrey v. Baltimore*, 28 Am. Rep. 446. Section 199 is not an unwarranted delegation of legislative power. —*Hand v. Stapleton, supra; Childers v. Shepherd*, 142 Ala. 385; *Jackson v. The State*, 131 Ala. 21; *Davis v. The State*, 141 Ala. 84; *Edmundson v. Ledbetter*, 114 Ala. 479; *McGraw v. County Comm.*, 89 Ala. 407; *Dunn v. Wilcox County*, 85 Ala. 144; *Clark v. Port of Mobile*, 67 Ala. 217; *Stanfil v. Dallas County*, 80 Ala. 289; *Clark v. Jack*, 60 Ala. 271. The provision that the law should not go into effect until the happening of a certain event, to be declared in a certain way, is valid.—*Haney v. Bartow County*, 91 Ga. 77; *People v. Burr*, 13 Cal. 358; *Harland v. The State*, 136 Ala. 150; *Cochran v. McLeary*, 22 Ia. 75.

McCLELLAN, J.—All of the justices, except the writer, concur in the conclusion that the judgment vindicating the right of the relator, Parker, to exercise the duties and perform the functions of the office of president of the city council of the city of Birmingham, was well rendered and should be affirmed. By their direction I set down a brief statement of the views leading to the result announced.

The right provided by section 199 of the act approved August 13, 1907 (Laws 1907, p. 892), to organize at once any municipality under its provisions and in accordance therewith, is not unconstitutional as an attempt to confer on governing bodies of towns and cities in this state legislative power which the organic law confines for exercise to the Legislature. The principle upon which the conclusion rests is thus stated in *Hand v. Stapleton*, 135 Ala. 156, 33 South. 689: "The Legislature may pass a valid statute, to take effect upon the

happening of a future event, and may delegate to an officer or person the power of determining and announcing whether such event has happened." To the same effect, applying the defined principle, are *Childers v. Shepherd,* 142 Ala. 385, 39 South. 235; *Jackson v. State,* 131 Ala. 21, 31 South. 380; *Davis v. State,* 141 Ala. 84, 37 South. 454, 109 Am. St. Rep. 19; *Dunn v. County Court,* 85 Ala. 287; *McGraw v. County Court,* 89 Ala. 407, 8 South. 852; *Clarke v. Jack,* 60 Ala. 271; and other authorities in these citations referred to. The case of *Mitchell v. Florence Dispensary,* 134 Ala. 392, 32 South. 687, is not applicable to the status presented by the provisions of section 199. The court takes the case of *State v. Parker,* 26 Vt. 357, to be directly in point, and in support of its conclusion. This authority is cited, and quoted from approvingly, in *Hand v. Stapleton, supra.*

The Municipal Code act is a complete law, which by its terms shall become operative in September, 1908; and the only effect of section 199 was to afford an event upon the happening of which it should go into operation in the town or city so ordaining in the method stipulated in that section at an earlier date. Section 199 should be read as a proviso to section 2 of the Municipal Code act; and, when so read, the provision of the latter section that the corporate organizations "shall be and remain as now provided by law" is qualified to the extent section 199 prescribes.

There being no such office, under the charter of Birmingham, as president of the city council of the city of Birmingham, the governing body were commanded by section 199 to elect such an officer, whose term should be until his successor is elected at the general municipal elections in September, 1908. Having the duty to elect such an officer, under the letter of section 199, and

the organization of the city government under the Municipal Code having been accomplished, it of course followed that the officer so elected by the governing body was entitled, and it was his duty, to exercise the duties and powers and to perform the functions of president of the city council, one of which was and is to preside over the deliberations of the city council; and that, under the terms of the Municipal Code, to the exclusion of the mayor, who, the late charter provided, should perform that duty.

The judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, ANDERSON, and DENSON, JJ., concur. McCLELLAN, J., dissents.