# City of Mobile  v. Factors & Traders Ins. Co.

*Action to Recover Taxes.*

(Decided Nov. 19, 1908.   Rehearing denied Jan. 14, 1909.
48 South. 342.)

1. *Municipal Corporations; Taxes; Actions to Recover; Complaint.*
—A complaint which alleges that the plaintiff claims of the defendant a sum certain being the taxes due and unpaid upon the assessment and levy of said taxes duly made by the proper authority

of the city; * * * said tax levy being made on a named date on named property in the city owned by the defendant and duly assessed in a named sum, is sufficient and good against demurrer.

2. *Same; Organization; Statutes.*—By the terms of the act, the municipal code act (General Acts 1907, page 790) did not become effective until September 1908, except in such municipalities as availed themselves of section 199, of said act; and the city of Mobile not having availed itself of the provisions of that section said act was not operative therein and taxes were properly assessed and levied under the charter of the city enacted in 1901.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Action by the City of Mobile against the Factors' & Traders' Insurance Company to recover city taxes. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint is as follows: "The city of Mobile, a municipal corporation organized and existing under and by virtue of the laws of the state of Alabama, claims of defendant, the Factors' & Traders' Insurance Company, existing under and by virtue of the laws of the state of Alabama, four hundred and twenty dollars and eleven cents ($420.11), being the taxes due and unpaid upon the assessment and levy of said taxes duly made by the proper authority of the city of Mobile, said tax levy being made on January 27, 1908, upon the property of said defendant lying and being within the corporate limits of the city of Mobile, owned by the defendant; that is to say, upon that certain building known as No. 7 St. Michael street, between Commerce and Water streets, and duly assessed at $15,000, also upon money in stock of incorporated companies, vessels or steamboats or any description of property not otherwise taxed, all of the property of defendant being assessed in accordance with law at $52,900, and said sum of $420.11 being the taxes due and unpaid upon said property. Plaintiff avers that said city of Mobile taxes are past due and unpaid and

are taxes for the years 1907-1908." There were demurrers interposed, raising the question decided in the opinion.

B. B. BOONE, for appellant. The levy was made under the power conferred by sections 28 to 33 of the city charter.—Acts 1900-01, page 2342. It must be borne in mind that none of these sections fix the time or date when the tax levy is to be made. Hence, the contention is that for the tax year from Oct. 1, 1907, to Sept. 30, 1908, the city of Mobile was authorized to levy a tax upon the state assessment of the previous year, although the charter prohibits this levy until after the 1st of January 1908. The question then presented is, does section 216, Constitution 1901, refer to Calendar year, fiscal year, or tax year? As to what a year is, see.—30 A. & E. Ency of Law, 1309; *U.. S. v. Dixon,* 15 Peters, 161. The constitutional porvision refers to tax years.—Sec. 3919, Code 1896; *Elyton L. Co. v. Birmingham,* 89 Ala. 481. The Municipal Code Act does not become operative until Sept. 1908, and is a complete law.—*Ward v. The State, ex rel.,* 45 South 656. As to the question of organization under the Municipal Code, see *State v. Powell,* 59 N. W. 1090; *State v. School District,* 54 Minn. 213; *1st Nat. Bank v. Bd. of Comm.,* 57 Minn. 43; *Dodge v. Williams,* 46 Wis. 70; *Warren v. Paving Co.,* 115 Mo. 490.

PILLANS, HANAW & PILLANS, for appellee. The only question presented is whether the tax laid on Jan. 27, 1908, was a valid levy. Counsel discuss this question and cite the city charter in support thereof. They insist further that the complaint is wholly insufficient and in support thereof, cite the following.—*City Council v. Foster,* 133 Ala. 587; *Cook v. Rome B. Co.,* 98 Ala. 409, 413. This case is no more than enunciation of

the established doctrine which requires, in suits founded on statutory rights, the averment with legal certainty of every matter essential to the existence of the right.— *People v. Cent. Pac. R. R.,* 83 Cal. 393 ; *People v. Davis,* 112 Ill. 272. Time is of the essence in tax levies. 1 Cooley Tax. (3rd. Ed.) 481-487.

PER CURIAM.—The complaint as amended is sufficiently definite and certain in its averments as to the levy and assessment of the taxes claimed to be due. No penalties are claimed, but simply the taxes alleged to have been duly levied and assessed. The complaint shows that the alleged levy and assessment was made in January, 1908. The validity of this levy vel non is raised by the demurrer. The contention of the defendant is that the levy is invalid, for that it was made at a time not authorized by law ; and this contention is based upon the further contention that the act known as the "Municipal Code Act," approved August 13, 1907 (Acts 1907, p. 790), fixed a time for the levy and assessment of municipal taxes different from the time of the present levy and assessment. This involves the question as to when the Municipal Code act went into effect.

The court is of the opinion, and so holds, that the Municipal Code act did not go into effect until September, 1908, except as to such municipality as availed itself of the provisions of section 199 of said act. Such was the effect of the ruling in *Ward v. State ex rel. Parker,* 154 Ala. 227, 45 South. 655. It does not appear that the city of Mobile did this, and hence continued to exist as a municipality under the provisions of the charter of its incorporation of 1901, and until the Municipal Code act became operative September, 1908. And so far as appears from the record it was under the provisions of the charter that the taxes in question were

[Fidelity & Deposit Co. of Maryland v. Walker, et al.]

levied and assessed in January, 1908, and they were therefore not invalid for the reasons assigned in the demurrer.

It follows that the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.