# State, *ex rel.* Moore *v.* Waldrop, *et al.*

## *Quo  Warranto.*

(Decided Jan. 12, 1909.  48 South. 394.)

1. *Quo Warranto; Return; Burden of Proof.*—Where an applica-
tion for quo warranto to determine the right to membership on a
board of education showed that the relators were lawfully entitled
to hold the office when respondents were elected by the council of
the city, which had adopted the municipal code act, and the appli-
cation averred that respondents had usurped such office, the bur-
den was on respondents to show a clear title to the office, though
the application did not aver the precise date when relators were
elected, nor their terms of office and date of expiration.

2. *Same; Return; Presumption.*—Where the application showed
that the relators were lawfully members of the board of education
of the city on March 3, 1908, the date the city elected to re-organize
under the municipal code act, (General Laws 1907, p. 790) and when
respondents were elected by the city council; and the return thereto
did not show the time and expiration of term of office of relator,
the court was authorized to presume that the term of the relator had
not expired when respondents were elected.

3. *Municipal Corporations; Offices; Board of Education; Election;
Time.*—An election by the city council in April, 1908, of members of
the board of education is unauthorized, since section 2 of the act of
Aug. 3, 1907, General Laws 1907, p. 790, postpones the going into effect

[State, ex rel. Moore v. Waldrop, et al.]

of the act generally until the officers elected at the general municipal election in September 1908, enter on the discharge of their several official functions; and this, notwithstanding section 169 of said act provides that at the first regular meeting of the council in April or as soon thereafter as practicable, members of the board shall be elected, since this section refers to April 1909.

4. *Same.*—Under section 199 of the Municipal Code Act, a city coming in under the terms of the act can elect only such officers as are required by the act and not provided for in the charter of the city, and hence, when members of the board were in office by virtue of the charter there is no authority for electing a new board until their terms expired.

Appeal from Bessemer City Court.

Heard before Hon. William Jackson.

Action in the nature of quo Warranto by the state on the relation of T. A. Moore, against R. W. Waldrop and others, seeking to inquire by what authority they held and exercised functions of the office of members of the Board of Education of the city of Bessemer. From a decree for respondents, relators appeal. Reversed and remanded.

Trotter & Odell, for appellant. The contention of the appellants is that the adoption of the municipal code bill did not repeal the act of the legislature approved Feb. 11, 1891, p. 98, Local Laws Jefferson county, and that said act was still in force when the present board was elected under the authority of the municipal code act above referred to, and cites the following.—Secs. 1047-8 and 1349; *Ward v. State ex rel. Parker*, 45 South. 655.

Ben G. Perry, for appellee. Counsel cites and relies on the same authorities as those cites in brief of counsel for appellant to support his contention that the board was properly elected under the Municipal Code Act after the re-organization of the city of Bessemer, according to the provisions of said Municipal Code.

DENSON, J.—This is a statutory action, in the nature of quo warranto, commenced for the purpose of ousting from membership in the board of education of the city of Bessemer certain individuals named in the application as respondents. An act of the General Assembly, approved February 11, 1891 (Laws 1890-91, p. 558), provided for a "board of education" for the city of Bessemer and prescribed the duties thereof. Under this act all the persons in whose interest the application is made in this cause, were duly elected; and they, together with the mayor, composed the board of education of the city of Bessemer, as constituted and existing on the dates of March 3, 1908, and April 21, 1908. The return or answer to the writ in this case shows that on the 3d day of March, 1908, the then city of Bessemer, by an ordinance passed in conformity to section 199 of the act known as the "Municipal Code Act," approved August 13, 1907 (Laws 1907, p. 892), organized its city government under the provisions of that act; and it is further averred in the return that on the 21st day of April, 1908, the city council, in accordance with section 169 of the act mentioned (section 1349 of the Code of 1907), proceeded to elect and did elect the respondents members of the board of education, and that they hold office under said election and by virtue of that section of the act of 1907.

Although, upon the passage of the ordinance as provided by section 199 of the act of 1907, the city government became organized under the provisions of the act, yet that section provides that "the then existing offices and officers of said city or town shall continue to exist and to hold such offices until the time fixed herein for their term to expire as provided in section two of this act." Section 1047, Code 1907. While the application for the writ does not aver the precise date when the

members of the old board of education, were elected, nor
show the term of their office and the dates of expiration
thereof, yet, as has already been pointed out, it shows
they were lawfully entitled to hold the office of members
of the board of education, and were in office, with undis-
puted right, at the time of the passage of the ordinance
and when the respondents were elected by the city coun-
cil.   These averments, together with the averment that
the respondents have usurped and are now unlawfully
holding office as members of the board of education, plac-
ed upon the respondents the burden of showing, by their
return to the writ, a clear title to their office.   This they
have attempted to do only in the manner heretofore
stated, and have not, in their return, undertaken to
show the terms and expirations of terms of office of the
persons who constituted the board of education on April
21, 1908, the date when respondents were elected.

Such being the condition of the record, and such the
nature of this proceeding, we are authorized to assume
that the terms of office of the members of the board of
education had not expired when the ordinance of March
3, 1908, was passed, nor when the election was held on
April 21, 1908, and, further, that they were holding office
on January 1, 1908.   Therefore under section 2 of the
act in question, their terms of office were continued at
least until the first Monday in October, 1908, and they
were entitled to hold until that date.   It may be that
they are entitled to the office for even a longer period.
It is true that section 169 of the act provides that "at
the first regular meeting of the council in April, or as
soon thereafter as may be practicable, at any regular
meeting, the council shall elect the members of the board
of education."   Manifestly, this refers to April, 1909,
because section 2 postpones the going into effect of the
act, generally until the officers elected at the general

municipal election on the third Monday in September, 1908, enter on the discharge of their several official functions. And section 199 of the act of 1907, under which the city of Bessemer became organized (which section, as we have held, should be regarded as a proviso to section 2 [*Ward v. State*, 154 Ala. 227, 45 South. 655]), provides for the election by a city coming in under its terms, of only such officers as are required by the act and are not provided for by the charter of such city or town, thus impliedly prohibiting the election of any officer provided for by the charter of the city.

The act of February 11, 1891, operated as an amendment to the charter of the city (*Cobb v. Vary*, 120 Ala. 263, 24 South. 442; *City v. Birdsong*, 126 Ala. 632, 28 South. 522) ; and, the board of education being already provided for, there was therefore in this instance no necessity or authority for electing the respondents members of the board. There were no vacancies. There can be no doubt that, when the act of 1907 becomes effective as to the city of Bessemer in respect to the subject of board of education, it will repeal the provisions of the act of 1891 on that subject. The two acts are inconsistent in many respects, and it is evident the Legislature intended that the latter act should supersede the former. —*City, etc., v. National, etc., Co.*, 108 Ala. 336, 18 South. 816.

It must follow, from what has been said, that the return to the writ fails to show in respondents a legal right to membership on the board in question; and the court should have so held.

Reversed and remanded.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.