So.2d 721; Opinion of the Justices, 252
Ala. 527, 41 So.2d 775.

251 So.2d 744

## OPINION OF THE JUSTICES.

### No. 203.

Supreme Court of Alabama.

June 29, 1971.

The House of Representatives pro-
pounded two questions to the Justices of
the Supreme Court concerning the con-

stitutionality of House Bill 568 of the 1971 Regular Session. This bill increased the excise tax on gasoline, the increase to become effective upon the adoption of an amendment to the Constitution authorizing the issuance of general obligation bonds of the State for the payment of which the gasoline excise tax was pledged. The questions were (1) did House Bill 568 violate Section 44 of the Constitution of Alabama; (2) did said Bill violate Section 212 of said Constitution. The Justices were of the opinion that neither of said Sections were violated by the Act.

Questions answered.

Questions propounded by the House of Representatives to the Justices of the Supreme Court under § 34, Title 13, Code 1940.

### House Resolution No. 54

"BE IT RESOLVED by the House of Representatives of Alabama that, pursuant to the provisions of Section 34 of Title 13 of the Code of Alabama 1940, the said House of Representatives hereby respectfully request the opinion of the Honorable Chief Justice and the Associate Justices of the Supreme Court of Alabama on the following important constitutional questions:

"(1) Does House Bill 568 introduced at the 1971 Regular Session of the Legislature of Alabama, a copy of which said House Bill is attached hereto, providing for an increase in the excise tax on gasoline, to become effective upon the adoption of an amendment to the Constitution of Alabama authorizing the issuance of general obligation bonds of the State for the payment of which said gasoline excise tax is pledged, violate the provisions of Section 44 of the Constitution of Alabama?

"(2) Does said House Bill 568 violate the provisions of Section 212 of the Constitution of Alabama?"

To the Honorable Speaker and Members of the House of Representatives of Alabama

Sirs and Madam:

§ 647 of Title 51, Code 1940, levies an excise tax on the selling, use or consumption, distributing, storing or withdrawing from storage in this state for any use, of gasoline. § 647, Title 51, as amended by Act No. 221, approved May 10, 1967, Acts of Alabama 1967, Vol. I, page 278, levies the tax at the rate of seven cents per gallon except on gasoline used as fuel to propel aircraft.

House Bill 568 amends § 647, Title 51, so as to change the word "seven" to "eight" in the first sentence, thereby changing the tax rate from seven to eight cents per gallon.

House Bill 568 contains one other change in § 647, Title 51. In the 1967 Act, No. 221, supra, subdivision (b) of paragraph (1) of subsection (d) contains the following sentence: "(b) Any fuel used to propel aircraft powered by jet or turbine engines shall be taxed at the rate of one-half of one cent per gallon." In House Bill 568, the corresponding sentence recites: "(b) Any fuel used to propel aircraft powered by jet or turbine engines shall be taxed at the rate of one-half of one *per* cent per gallon." (Emphasis Supplied)

The last section of House Bill 568 recites:

"Section 2. This act shall become effective on the first day of the second month following the adoption of an amendment to the Constitution of Alabama authorizing the issuance of eighty million dollars in general obligation bonds of the state."

Your inquiry appears to arise out of Section 2 of the bill. Section 2 makes the operative date of the act depend on a contingency.

In Hand v. Stapleton, 135 Ala. 156, 33 So. 689, this court said:

"\* \* \* Contingent legislation is not of infrequent occurrence. Many statutes are enacted to become operative upon the happening of some future event, and a number of such statutes have been reviewed by the courts and held to be constitutional. The rule is stated generally in 6 Am. & Eng. Ency. Law (2d Ed.) p. 1031, to be, 'Where an act is clothed with all the forms of law and is complete in and of itself, it is fairly within the scope of the legislative power to prescribe that it shall become operative only upon the happening of some specified contingency.'" (135 Ala. at 162, 33 So. at 690)

This court quoted with approval from Lothrop v. Stedman, 42 Conn. 583, as follows:

"\* \* \* '\* \* \* A valid statute may be passed, to take effect upon the happening of some future event. Certain or uncertain, it is a law *in presenti* to take effect *in futuro*. The event or change of circumstances must be such as, in the judgment of the Legislature, affects the expediency of the law. The Legislature, in effect, declare the law inexpedient if the event should not happen—expedient if it should happen. They appeal to nobody to judge of its expediency.'" (135 Ala. at 163, 33 So. at 691)

This court and the justices have consistently followed the doctrine that the legislature may enact contingent legislation, to wit:

"The right provided by section 199 of the act approved August 13, 1907 (Laws 1907, p. 892), to organize at once any municipality under its provisions and in accordance therewith, is not unconstitutional as an attempt to confer on governing bodies of towns and cities in this state legislative power which the organic law confines for exercise to the Legislature. The principle upon which the conclusion rests is thus stated in Hand v. Stapleton, 135 Ala. 156, 33 South. 689: 'The Legislature may pass a valid statute, to take effect upon the happening of a future event, and may delegate to an officer or person the power of determining and announcing whether such event has happened.' \* \* \*" Ward v. State, 154 Ala. 227, 230, 231, 45 So. 655, 656.

"As to Section 44, Article IV of the Constitution, it has long been the settled rule that the Legislature may pass a valid statute to take effect on the happening of a future event, and the statute will not on that account be held to be unconstitutional. This question was considered in Childers v. Shepherd, 142 Ala. 385, 39 So. 235, 237, wherein the following exerpt (sic) from that opinion is here directly in point:

"'A local law may be passed to take effect on the ratification of the same by the people of the county or district thereof.'

"It is clear enough, therefore, that the amendment in no manner conflicts with Section 44 of the Constitution." Opinion of the Justices, 249 Ala. 509, 510, 31 So.2d 717, 718.

"But broadly speaking, an act complete within itself can be made to depend upon some contingency for its operation to become effective. In re Opinion of the Justices, 232 Ala. 60, 166 So. 710; In re Opinions of the Justices, 227 Ala. 291, 149 So. 776; Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93; Ward v. State, 154 Ala. 227, 45 So. 655; Ex parte Hall, 156 Ala. 642, 47 So. 199; McNiell v. Sparkman, 184 Ala. 96, 63 So. 977; Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, (23, 24, 25), 83 L.Ed. 441; McCreless v. Tennessee Valley Bank, 208 Ala. 414, 94 So. 722; 16 Corpus Juris Secundum, Constitutional Law, §§ 141, 415; 11 Amer.Jur. 926, section 216.

"There are limitations. In re Opinion of Justices, 232 Ala. 56, 166 So. 706." Phenix City v. Alabama Power Co., 239 Ala. 547, 552, 195 So. 894, 897.

The act considered in In re Opinions of the Justices, 232 Ala. 56, 166 So. 706, supra, provided for submitting to the voters the question:

" 'Question No. 1. Shall the proposed gross receipts tax for educational, health and relief purposes become a law?' "

The issue thus submitted to the voters was whether the act levying a tax should become law. The determination of that issue was the exercise of legislative power to levy a tax which is a power not to be exercised by the voters of the state except in the cases provided by the Constitution. Four of the justices said:

" * * * We think that the fact that the Constitution requires and authorizes elections on a certain character of taxes indicates the idea that elections on all other taxes are excluded. * * *"
(232 Ala. at 59, 166 So. at 709)

The issue whether the proposed statute embodied in House Bill 568 shall become law is not to be submitted to the voters by the provisions of the bill. The bill does not propose or provide for any election of any sort. The bill proposes a law whose effective date is to be postponed until the happening of a contingency which may or may not happen.

■ If the bill is passed by the Legislature, the act will be complete in and of itself. By the provisions of Section 2 of the act, the Legislature will determine and declare that it is not expedient for the act to become operative unless the constitutional amendment mentioned in Section 2 is adopted, but that it is expedient for the act to become operative if such amendment is adopted. The determination of the expediency of the act will be made by the Legislature and the power to make the determination will not be delegated to or

exercised by the electors of the state or by any person or group of persons other than the Legislature itself.

It is true that, under Section 284 of the Constitution, adoption of an amendment can be accomplished only by the favorable vote of a majority of the qualified electors of the state who shall vote at an election duly called to vote on a proposed amendment. At an election to adopt the amendment contemplated by Section 2 of House Bill 568, the question submitted to the electors will not be whether House Bill 568 shall become law. The question will be whether the proposed amendment to the Constitution shall be adopted.

■ Under the rule noted above, when an act is clothed with all the forms of law and is complete in and of itself, it is fairly within the scope of legislative power to prescribe that the act shall become operative only upon the happening of some specified contingency. The contingency specified in House Bill 568 is the adoption of an amendment to the Constitution.

There are at least two advisory opinions in the Alabama Reports which have to do with the constitutional validity of legislative acts wherein the effective date of the act was expressly made to depend on the adoption of an amendment to the Constitution of Alabama. One such opinion is In re Opinions of the Justices, 227 Ala. 291, 149 So. 776, where six justices expressed the opinion that the Income Tax Enabling Act; Act No. 169, General And Local Acts, Extra Session 1933, page 150; was not in violation of certain sections of the Constitution. It does not appear that the question was asked whether Act No. 169 violated Section 44 or Section 212 of the Constitution, but some things the six justices said are helpful in answering the instant question.

The last section of Act No. 169 recites as follows:

"Section 45. This Act shall become effective when an amendment to the

Constitution authorizing the tax herein provided for has been adopted."

Six of the justices said:

" * * * It is perhaps not inappropriate also to observe that the Legislature has on two occasions in the past, if not more, enacted statutes in anticipation of and effective upon the adoption of an amendment to the Constitution. The Special School Tax Amendment to the Constitution was proposed by an Act approved March 17, 1915 (Gen. Acts 1915, p. 107). The enabling act to become effective upon the adoption of that amendment was passed by the same Legislature, approved September 10, 1915 (page 360). The highway bond issue of 1921 was authorized by an amendment proposed by an Act approved October 29, 1921 (Acts 1921 [Sp. Sess.], p. 35). The enabling act was passed at the same session of the Legislature, approved October 31, 1921 (page 67), in which it was provided that it should go into effect upon the adoption of the said constitutional amendment.

"No one has thought that the contention now made was sufficient to justify a contest of the validity of the school tax or bond issue.

"Inherently there is no reason why a statute may not provide that it shall be operative upon the happening of a contingency. Smith v. State, 223 Ala. 11, 136 So. 265; State ex rel. Gaston v. Black, 199 Ala. 321, 74 So. 387; State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294; Olmstead v. Crook, 89 Ala. 228, 7 So. 776; 59 Corpus Juris, 1137, 1138, 1156." (227 Ala. at 295, 149 So. at 780).

The second advisory opinion having to do with an act which provided that its effective operation should be after the adoption of an amendment to the Constitution is In re Opinions of the Justices, 227 Ala. 296, 149 So. 781. The statute there considered is what is known as the enabling act to the Warrant Amendment, approved April 17, 1933, Act No. 177, General and Local Acts, Extra Session 1933, page 189. The last section of Act No. 177 recites:

"Section 19. This Act shall become operative immediately upon the proclamation of the Governor declaring that the qualified electors of the State of Alabama have ratified the amendment to Section 213 of the Constitution of Alabama, known and designated as Article XXIII thereof, and in the event the said Constitutional Amendment is not approved by the qualified electors of the State of Alabama as an Amendment to the Constitution, this Act shall be null and void."

The six justices referred to their opinion found in 227 Ala. 291, 149 So. 776, supra, and said:

"That such enabling act may properly be passed in anticipation of the adoption of a constitutional amendment and to become operative when so adopted by the people, was considered and discussed in response to your inquiry, this day announced (Opinion of the Justices [Ala. Sup.] 149 So. 776) concerning the Income Tax Constitutional Amendment, and needs no repetition here, as the conclusions there reached are equally applicable to the amendment and the enabling act here considered." (227 Ala. at 298, 149 So. at 783).

■ In the light of the authorities above referred to, we are of opinion: that House Bill 568 proposes an act which is clothed with all the forms of law and is complete in and of itself; that it is fairly within the scope of legislative power to prescribe that the act shall become operative only upon the happening of the contingency specified in Section 2 of the bill, to wit, the adoption of an amendment to the Constitution authorizing the issuance of the bonds there specified; and that House Bill 568 is not an unconstitutional delegation of legislative power in viola-

tion of Section 44 of the Constitution or a delegation of the power to levy taxes in violation of Section 212 of the Constitution.

Accordingly, we answer both question (1) and question (2) in the negative.

Respectfully submitted,

HOWELL T. HEFLIN
Chief Justice.

THOMAS S. LAWSON

ROBERT T. SIMPSON

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

ROBERT B. HARWOOD

JAMES N. BLOODWORTH

HUGH MADDOX

DANIEL T. McCALL
Justices.