# Williams *v.* Colbert County.

*Action for Damages for Injury by Defect in Bridge.*

1. *Records pertaining to building of public bridge; secondary evidence* In an action against a county to recover damages for injuries caused by a defective bridge, on the ground that no guaranty was taken from the builder (Code, § 1692), the records of the court being searched, and being defective in not showing that the builder's bid was in writing, or that the bridge, though accepted and paid for, was built according to the specifications, and that no guaranty was taken from the builder, these facts may be proved by the testimony of the builder.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

The appellant, Charles H. Williams, brought suit against the county of Colbert under § 1692 of the Code of 1876, for damages for injury to him and his property caused by the falling of a certain bridge, while he was crossing it with his wagon and team, August 10, 1885. It was averred in the complaint, among other things, that the bridge was erected in 1880 by O. H. P. Williams by contract with the county commissioners, over a stream on a public road in said county, and that no guaranty was taken that the bridge should continue safe for the passage of travelers and other persons, and the defendant neglected to keep it in repair and permitted it to become unsafe and dangerous, and while in this condition, and by reason thereof, the alleged injury was received, and that August 10, 1885, plaintiff made out an itemized account of the damages sustained by him, and presented the same for allowance to the Court of County Commissioners, and the same was wholly disallowed.

The defendant filed several pleas, which set up as matters of defense, in substance: 1, that the bridge was not erected

[Williams v. Colbert County.]

by virtue of or in accordance with any contract made by said O. H. P. Williams, or any one else, with said county commissioners ; 2, that the injury complained of was the result of gross negligence on the part of the plaintiff in attempting to cross said bridge, when he knew, or ought to have known it to be unsafe, and when there was a safe passage a few yards from the bridge ; and 3, that defendant was not guilty of any default in manner and form as alleged in the complaint.

The plaintiff offered in evidence a transcript of the records of the commissioners' court duly certified, containing the orders and entries set forth in the opinion in this case, and also, an order disallowing the plaintiff's claim. The court, on the objection of the defendant, excluded this transcript from the jury as evidence, and the plaintiff excepted.

The plaintiff offered to prove by the judge of probate, that all the papers relating to the letting out and building of said bridge had not been recorded ; that thorough search had been made for said papers in the office of the judge of probate, and those contained in the transcript offered in evidence were all that could be found, and also, offered to prove the contents of said missing papers ; but the court, on the objection of the defendant, refused to allow this proof to be made, and the plaintiff excepted. The plaintiff then offered to prove by O. H. P. Williams, the facts set forth in full in the opinion ; to all and each part of which the defendant objected, the court sustained the objection, and plaintiff separately excepted to the exclusion of each part of said evidence.

The plaintiff offered to prove by other witnesses the facts offered to be proved by said Williams, and also, that after the bridge was built, the county commissioners exercised authority over and controlled the bridge as a part of the public highway. The court excluded this evidence, and the plaintiff excepted. The paper containing the specifications for the bridge was produced and proved to be the true paper and offered in evidence, but the court excluded it, and the plaintiff excepted. "The court ruled, that no parol evidence was admissible, even under the circumstances proposed to be proved, to show, in aid of the record, a contract between defendant and said Williams to build the bridge." In consequence of these rulings of the court, the plaintiff suffered a non-suit, and by bill of exceptions reserved said rulings for the decision of this court.

J. B. MOORE, and JAMES JACKSON, for appellant, cited

[Williams v. Colbert County.]

1 Brick. Dig. 808, § 81; 1 Greenleaf's Ev. § 509 ; 36 Ala. 362 ; 48 *Ib.* 566 ; 49 *Ib.* 110 ; 54 *Ib.* 643 ; Code, §§ 1692, 2903.

W. COOPER, *contra.*—There was no record evidence of a contract. Parol evidence is inadmissible to prove matters of record. The following statutes and cases cited:—Code of 1876, §§ 739, 745, 1678, 747 ; *Com'rs Court v. Turver,* 25 Ala. 488; *Com'rs Court v. Thompson,* 15 *Ib.* 134 ; 48 *Ib.* 649; 49 *Ib.* 110 ; 54 *Ib.* 639 ; 45 *Ib.* 183 ; 32 *Ib.* 362 ; 41 *Ib.* 114; 48 *Ib.* 157 ; 30 *Ib.* 130; 3 Stew. 54 ; 3 Port. 279 ; 69 Ala. 342 ; 1 *Ib.* 48 ; 65 *Ib.* 211, 468.

STONE, C. J.—At some time before May 11, 1880, O. H. P. Williams furnished to the Court of County Commissioners of Colbert county specifications for building a bridge across Buzzard Roost creek, in said county. The paper containing those specifications was produced and proved to be the true paper, on the trial of this case. On May 11, 1880, the Court of County Commissioners in session, "Resolved that the specifications furnished by O. H. P. Williams for the bridge over Buzzard Roost creek, on the Cherokee and Pleasant Site road, be adopted, and that the building of said bridge be let out at the lowest bidder on the 11th day of June, 1880, and that due notice of the letting of said bridge be given by publication for three successive weeks in the Tuscumbia Democrat, notifying bridge builders of the letting of said bridge ; and that the members of this court attend at Cherokee on said 11th day of June, 1880, and superintend the letting of said bridge, and contracting for the same in person."

On July 12, 1880, the Court of County Commissioners made and entered the following order : "Ordered that O. H. P. Williams be allowed the sum of $260.53 for building a bridge over Buzzard Roost creek, near William Hamilton's, to be paid for as the law directs. It is further ordered that the judge and chairman of this court withhold and not issue the above allowance, until the committee report said bridge completed according to the contract and specifications."

On the margin of the book in which the foregoing order was entered, was the following : "No. 358. Issued August 5, 1880. A. W. Ligon, Judge."

On July 13, 1880, the following order was made and entered by the court : "Ordered that James A. Barton, W. M. Turner and J. W. Dean be, and they are hereby appointed a committee to superintend the building of the bridge over Buzzard Roost creek, near William Hamilton's, and see that said bridge is built according to contract and

specifications, and when thus completed, to report the same to this court."

In the office of the Judge of Probate, indorsed, "Filed August 5, 1880. A. W. Ligon, Judge," was found the report of the committee, of which the following is a copy:

"We, the undersigned committee, appointed to inspect the bridge recently built over Buzzard Roost creek, near William Hamilton's, by O. H. P. Williams, in the absence of any contract or specifications, would respectfully state, the bridge is built of good, heart timber, and in good workmanlike order. Cherokee, Ala., August 5, 1880. Respectfully submitted, J. A. Barton, W. M. Turner, J. W. Dean."

Testimony was offered, tending to show that thorough search had been made in the office of the judge of probate of Colbert county for records and papers pertaining to the letting out and building of said bridge, and that those copied above were all that could be found. There was testimony that some of the papers relating thereto had never been recorded. O. H. P. Williams was introduced as a witness for plaintiff, and it was proposed to prove by him "that in the summer of 1880, he built the bridge, by the fall of which plaintiff was injured, and for which injury this suit was brought; that he built said bridge by and under a contract he made with the Commissioners Court of said county; that said bridge was a public bridge; that the contract for building it was let out by the commissioners of said county to the lowest bidder on the 11th day of June, 1880, at Cherokee in said county; that said contract was awarded to witness; that his bid therefor was in writing, and delivered to said commissioners; that it was accepted by said commissioners, and so announced by them publicly, on the day and at the time he put in said bid; that under said bid　*　* he built said bridge for defendant – that it was a public bridge, on a public road in said county, leading from Cherokee to Pleasant Site; that the bridge was built by him over Buzzard Roost creek in said county; that he built said bridge in accordance with the specifications he had theretofore furnished said commissioners; that said Commissioners' Court accepted said bridge after its completion, and on the 4th day of August, 1880, the defendant paid him two hundred and sixty 53–100 dollars for building said bridge; *　*　* that he gave no guaranty, by bond or otherwise, that said bridge should continue safe for the passage for travellers and other persons for a stipulated time; that no such bond or guaranty was required of him, and he gave none."

The testimony of this witness, if believed, would have

shown that he made a bid in writing for the contract to build the bridge. There was sufficient proof of search for that bid where it ought to have been found—where the law presumes it would have been kept—to let in secondary evidence of its contents. That such secondary evidence is admissible, is among the clearest principles of evidence. 1 Greenl. Ev., § 509; *Derritt v. Alexander*, 25 Ala. 265; *Smith v. Wert*, 64 Ala. 34. This fact being shown, the certified orders, copied above, prove the bid was accepted and the contract performed, the bridge received and ordered to be paid for out of the county's funds. It is thus shown that the bridge was erected by contract with the county commissioners, and no guaranty taken that it should continue safe for passage.—Code of 1876, § 1692.

What we have said is sufficient to show the Circuit Court erred in excluding the testimony referred to above. In truth, we are not able to affirm any of the testimony offered was illegal.

The judgment of the Circuit Court is reversed, and the cause remanded.