# Town of Clayton *v.* Martin, *et al.*

## *Assumpsit.*

(Decided June 19, 1912.  Rehearing denied February 4, 1913.
60 South. 963.)

1. *Municipal Corporation; Officers; Statutory Provision.*—Under sections 1067, 1068, Code 1907, in an action by a town of less than six thousand inhabitants on the bond of its marshal, a complaint alleging that the person named was elected marshal, and performed the duties of the office under the ordinances of the town, and that his bond was given pursuant to an ordinance of said town, and that the bond sued on recites that the person therein named was elected marshal on a designated date, states a cause of action against the sureties of the bond by showing that there was such an office as marshal and that the person named was the officer.

2. *Same; Officers; Bond; Action.*—In an action by a town on the official bond of its marshal, a complaint which alleges that the marshal, as such officer, collected taxes levied and assessed by an ordinance of the town, and fines imposed by the mayor's court for violation of ordinances, amounting to a specified sum, and that he failed to pay over the same to the town, sufficiently shows the payment to the marshal, as an officer of taxes and fines, and his failure to pay the same to the town, and states a cause of action.

3. *Officers; Official Bond; Defense by Sureties.*—Sureties on an official bond, in an action on the bond, can make no defense not open to the principal, and are estopped from setting up any irregularities in the appointment or election of the officer or in the bond itself.

4. *Same; Liability of Surety.*—The sureties on an official bond may not defend an action thereon on the ground that moneys received by the officer in the performance of his official duty were received because of the unlawful or irregular action of some other authority or person.

5. *Evidence; Judicial Notice; Municipal Ordinances.*—The courts do not take judicial notice of a municipal ordinance; they must be specially pleaded when rights are claimed under them.

6. *Appeal and Error; Review; Ruling on Pleading.*—Where one count of the complaint states a cause of action good against demurrer, entitling plaintiff to recover thereon upon proof of the allegations thereof, the appellate court will not consider the sufficiency of the other counts on an appeal from a non-suit rendered upon sustaining a demurrer to the complaint.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. H. ALSTON.

[Town of Clayton v. Martin, et al.]

Action by the town of Clayton against the sureties on the bond of the town marshal to recover taxes and fines alleged to have been collected by the marshal and not paid over. Demurrers were sustained to the complaint on the theory that no ordinances had been provided creating the office of marshal, and that in truth and in fact there was no such officer in the town. Plaintiff took a non-suit with bill of exceptions and appeals. Reversed and remanded.

T. M. PATTERSON, THOMAS & McDOWELL, and GEORGE W. PEACH, for appellant. Every count of the complaint was sufficient, or if insufficient, they were not subject to the grounds of demurrer interposed, the defendants being sureties on an official bond, and therefore, not in position to set up any defense not open to the principal obligor.—28 Cyc. 477; 29 Cyc. 1452; 15 Enc. P. & P. 153. The appeal was taken according to the requirements of *Engall v. Patterson,* 167 Ala. 120. The suit is not on an ordinance, but is on the contract, and hence, the questions attempted to be raised are not involved.

EVANS & PARRISH, and WINN & WINN, for appellee. The appeal is not properly taken.—*Engall v. Patterson,* 167 Ala. 120; *Champion v. C. of G.,* 51 South. 562; *Rogers v. Jones,* 51 Ala. 354; *Tate v. McCrary,* 21 Ala. 499; *Kane v. Bird,* 1 Stew. 189. The court will, therefore, dismiss the appeal ex mero motu.—*Parrish v. Galloway,* 34 Ala. 163. The charter of the town was repealed by the municipal code act.—Section 1067. Courts do not take judicial notice of the ordinances of a municipal corporation, but do take notice of their charter.—*Case v. Mobile,* 30 Ala. 538. It nowhere appears that under the new regime the office of marshal was

created, and as the municipal code is applicable to cities of less than six thousand inhabitants, and does not create such an office as marshal, it requires an ordinance of the town to do so. It is not shown that such an ordinance had been passed, and where there is no de jure officer, there can be no de facto officer.—29 Fed. 608; Words & Phrases, 1849; 92 N. W. 420; 75 N. W. 901; *King L. Co. v. Crow*, 155 Ala. 504.

DE GRAFFENRIED, J.—This suit was brought by the town of Clayton against the appellees as sureties upon the bond of the marshal of said town. There were five counts to the complaint. The fifth count of the complaint alleges that one Houston was unanimously elected by the town council marshal of said town for a term of two years commencing September 1, 1909; that, pursuant to the requirements of an *ordinance* of said town, said Houston executed a bond, with appellees as his sureties, payable to said town, with condition that if the said Houston "shall faithfully discharge the duties of such office during the time he continues therein, or discharges any of the duties thereof, then the obligation to be void, otherwise to remain in full force and effect"; that during his term of office, and while in the discharge of his duties as such marshal, the said Houston collected certain taxes which had been levied and assessed by an ordinance of said town, and certain fines imposed in the mayor's court on parties for a violation of the ordinances of the town, amounting in the aggregate to $286; and that the said Houston had failed to pay over the said money so collected by him to the said town. There was a demurrer to the complaint, the court sustained the demurrer, the appellant took a non-suit in consequence of that ruling of the court, and appeals.

[Town of Clayton v. Martin, et al.]

1.  Clayton is a town of less than 6,000 inhabitants, and, under the provisions of section 1068 of the Code of 1907, the legislative functions of such towns must be exercised by the mayor and five aldermen, which constitutes the town council.  Section 1067 of the Code provides that the town council shall elect a clerk, fix his salary and term of office, and may determine by ordinnace the other officers of such town, their salary, the manner of their election, and the term of office.

The appellees insist that the complaint was subject to attack by demurrer because it fails to state that Houston was elected marshal of said town by virtue of an ordinance creating the office of town marshal and fixing his term, duties, etc.  The bond sued on recites that Houston "was on the 6th day of April, 1909, elected to the office of marshal in and for said town," etc.  The complaint shows that he was elected by the town council—the legislative body of the town expressly authorized to declare by ordinance that one of the officers of the town should be a marshal, and with the power to declare, in the same ordinance, that he should be elected by the council—and that there was an ordinance of the town requiring the town marshal, before entering upon the duties of his office, to execute a bond in the sum of $1,000 conditioned upon the faithful performance of the duties of his office.  Courts do not take judicial cognizance of the existence of an ordinance of a town or city, and it is, therefore, necessary to specially plead the existence of an ordinance when rights are claimed under it.  There were ordinances, according to the averments of the complaint, defining the duties of the town marshal of Clayton.  The complaint alleges that Houston was elected town marshal, performed the duties of that office under ordinances of the town, and that the bond was given pursuant to an ordinance of

the town. We think, however, that in this proceeding, which is a suit on a bond, the complaint, as against appellees, shows with sufficient clearness that there was such an office as marshal of Clayton, and that Houston was the marshal.—*Sprowl v. Lawrence,* 33 Ala. 674.

"In an action on the bond the sureties can make no defense not open to the principal, and in particular are estopped from setting up any irregularities in the appointment or election of their principal or in the bond itself."—29 Cyc. 1465; 15 Ency. Pl. & Pr. 153, § 6.

2. The complaint shows with sufficient clearness that the moneys collected by Houston were taxes assessed and levied by virtue of ordinances of said town and fines imposed in the mayor's court, and that they were collected by Houston as marshal of the town under the authority of ordinances of the town, and that in failing to pay over such moneys he had failed to faithfully perform the duties of his office so fixed by ordinance, and had violated the terms of the bond.

"The sureties on an official bond are not permitted to advance, as a defense to an action on the bond, the fact that moneys received by their principal in the performance of his official duties were received because of the unlawful or improper or irregular action of some other authority or person."—29 Syc. 1465, § 5; 15 Ency. Pl. & Pr., supra.

The taxes and fines set up in the complaint were paid to Houston by the parties who paid them under and by virtue of ordinances of the town of Clayton, and they were paid to him because, under ordinances of the town, he was the officer entitled to receive them. He has failed to pay the money so collected to the town as it was his duty to do. The above facts are plainly shown by the averments of the fifth count of the complaint,

and that count was not subject to appellee's demurrer.

We do not deem it necessary to consider the question as to the sufficiency of the first four counts of the complaint. It is evident that, if the appellant is entitled to collect the money sued for in the complaint, it can recover a judgment for the same under the fifth count. It is, therefore, unnecessary to consider the first four counts.

Reversed and remanded.