(101 So. 736)
**PEINHARDT v. WEST et al.** (6 Div. 225.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Municipal corporations ⬗145—Statute requiring bonds of officers mandatory.**

Code 1907, § 1189, requiring bonds of officers and employees handling municipal property or money, is mandatory and does not limit section 1171.

**2. Municipal corporations ⬗180(3)—Statutes held to authorize creation of police force under under any name desired.**

Code 1907, § 1171, amplified by section 1192, authorizes creation of police force under such name as may be desired, and is not limited to one under general supervision of chief of police, as authorized under section 1192, subd. 10.

**3. Municipal corporations ⬗183(1½)—Marshal's bond held valid, though condition at variance with ordinance, and approved by mayor instead of board.**

Under Code 1907, §§ 1500, 1501, neither variance between condition named in town marshal's bond, and in ordinance, nor approval by mayor instead of board, could invalidate bond.

**4. Municipal corporations ⬗183(1½)—Bond of "marshal" held not void though reciting he was police officer.**

That bond of town marshal was made as that of "police officer," instead of marshal, *held* not to render it void, in view of Code 1907, §§ 1500, 1501; "marshal" being usually understood to be police officer and presumed to be intended as such in ordinance requiring bond, citing Words and Phrases, First Series, Marshal.

**5. Municipal corporations ⬗183(6)—Amendment adding town as party plaintiff in action on marshal's bond held properly refused.**

Individual's action against town marshal and surety, on his official bond, for assault and battery under color of office, was properly brought in plaintiff's name, and his proposed amendment, adding town as party plaintiff suing to use of plaintiff, was properly refused.

Appeal from Circuit Court, Cullman County; James E. Horton, Jr., Judge.

Action for damages by A. H. Peinhardt against J. M. West and the National Surety Company. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

The action is against a police officer of a town and the surety on his official bond to recover damages for assault and battery committed by the officer under color of office.

The plaintiff introduced the mayor, who testified:

"This seems to be the official bond filed with me as mayor of the city of Cullman, and approved by me as mayor of the city of Cullman. Mr. West was a police officer on the 31st of December, 1921, and continued as such police officer until some time in July, 1922."

The plaintiff also introduced certain sections of the Code of Ordinances providing for the election of certain officers, including a "marshal," requiring the marshal to execute a bond with surety in the sum of $500, to be approved by the "board," conditioned "to faithfully perform all the duties of such offices which are now, or may be hereafter, required" of the officer by the board; and declaring the liability of bondsmen in substantially the language of subdivision 3, § 1500, Code of 1907.

Plaintiff then offered the bond sued upon. The bond is in a penalty of $500; recites that the principal was duly elected to the office of "police officer" of the city of Cullman; with condition that if the said officer "shall faithfully perform and discharge all the duties of said office during his continuance therein, or discharges the duties thereof, then the above obligation to be void;

otherwise to remain in full force and effect." The bond is indorsed approved by the mayor.

Defendants objected to the bond as evidence on the following grounds:

"Because it is not conditioned as required by these ordinances; because it was not approved by the board as required by this ordinance; because there is no ordinance in here requiring the bond of police officer, the ordinance requires bond of the marshal."

The court sustained these objections. Plaintiff asked leave to amend by adding the city of Cullman as party plaintiff, suing for the use of A. H. Peinhardt. The amendment was disallowed. Plaintiff took a nonsuit by reason of adverse rulings with bill of exceptions. The appeal is to review the above rulings.

Brown & Griffith, of Cullman, for appellant.

It was error to exclude the bond offered in evidence by plaintiff. 5 Words and Phrases, 4400; 26 Cyc. 926; 31 Cyc. 902; 21 R. C. L. 973; Code 1907, § 1171; Michael v. State, 163 Ala. 425, 50 So. 929; Somerville v. Wood, 129 Ala. 369, 30 So. 280; Allen v. State, 181 Ala. 386, 61 So. 912. The person injured is the proper party to sue on the bond. Somerville v. Wood, supra.

F. E. St. John, of Cullman, for appellees.

The bond was properly excluded. Code 1907, §§ 1192, 1486.

BOULDIN, J. Cities and towns may by ordinance provide for such officers as are deemed needful or proper for the good government thereof, fix their compensation and terms of office, prescribe their duties, powers, and liabilities, and "require them to give bond in such sum and to be conditioned and approved as the council may prescribe." Code 1907, § 1171.

[1, 2] This power to require bond applies to all the officers to be provided by the council. Section 1189, Code of 1907, is a mandatory statute requiring bonds of officers and employees handling money or property of the municipality. It does not limit the general power conferred by section 1171. Section 1171, amplified by section 1192, authorizes the creation of a police force under such name as may be desired, and is not limited to one under the general supervision of a chief of police as authorized under subdivision 10, § 1192.

Bonds of municipal officers are subject to the general provisions of sections 1500 and

1501, Code of 1907, defining the legal effect and conditions of bonds of all public officers. Ex parte Martin, 180 Ala. 620, 61 So. 905; Michael v. State ex rel. Welch, 163 Ala. 425, 50 So. 929; Montgomery v. State ex rel. Enslen, 107 Ala. 372, 18 So. 157.

Under section 1501, all official bonds, "whether correct or incorrect in its recitals as to the term of office or otherwise, * * * or whether approved by the proper officer or not approved by any, or if irregular in any other respect, * * * if delivered as the official bond of the officer, and serving as such, shall be obligatory on every one who subscribed it for the purpose of making the official bond of such officer," etc.

[3] Neither the variance between the condition named in the bond and in the ordinance, nor the approval by the mayor instead of the board, can invalidate the bond.

[4] Does the fact that the bond was made as that of a "police officer," instead of "marshal," render the bond void?

"The city marshal of a municipality is the chief police officer thereof, clothed with authority to apprehend offenders against its ordinances, etc., and occupying the same relation to the governmental affairs of the municipality as a sheriff does to his county, or a constable to his town." 28 Cyc. p. 486 (VII); 26 Cyc. p. 926; 5 Words and Phrases (First Series) p. 4400.

A marshal, as usually known and understood in Alabama, and as presumed to have been intended in the ordinance of Cullman, is a police officer. The giving and acceptance of the bond, and performance of the duties of office, evidence an intent to make a lawful bond for the faithful performance of duties of a lawful office under the ordinances of the town.

The broad terms of section 1501 of the Code, intended for the protection of the public, are sufficient to cure any defect or variance between the name of the office as stated in the bond and in the ordinance here shown.

Whether a surety would be bound for any breach not under color of the performance of police duties, we need not determine. The bond should have been admitted in evidence, and its refusal was error.

[5] The action was properly brought in the name of the injured party, and there was no error in refusing the proposed amendment.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.