## MACON COUNTY LUMBER CO. v. JONES.
### (3 Div. 767.)

(Supreme Court of Alabama. June 10, 1926.
Rehearing Denied Nov. 4, 1926.)

**1. Evidence ⬥345(1).**

Copy of certificate of title and license receipt certified by chief clerk of motor vehicle department, without seal, *held* admissible to show ownership of truck in suit against owner for damages from collision, in view of Acts 1923, p. 290, § 20, page 321, §§ 2, 3; Acts 1919, p. 319, § 137; Code 1923, § 7681.

**2. Evidence ⬥345(1).**

Chief clerk of motor vehicle department *held* proper party to make certified transcripts of its records for use as evidence, in view of Acts 1919, p. 319, § 137; Code 1923, § 7681.

**3. Evidence ⬥334(1).**

Official certificate made in this jurisdiction need not have seal to be introduced in evidence, under Code 1923, § 7681.

**4. Automobiles ⬥243(12).**

Exclusion of evidence whether driver of defendant's truck was driving truck within scope of his employment *held* error.

**5. Appeal and error ⬥1058(1).**

That there was other evidence to like effect did not render improper exclusion of evidence on material question harmless.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Taylor Jones against the Macon County Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Ball & Ball, of Montgomery, for appellant.

If the truck did not belong to the appellant, and was not hired by it, and was not driven by its agent, it was not liable for the negligence of the driver, Hare. Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87. Even if Gallops or Hare was bailee in possession of the truck, and it did belong to appellant, the negligence of Hare or Gallops could not be imputed to or charged to appellant. Morgan County v. Payne, 207 Ala. 674, 93 So. 628, 30 A. L. R. 1243.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The certified copy of the records in the office of the state tax commission was relevant. Metropolitan Life Ins. Co. v. Parks, 210 Ala. 261, 97 So. 788; Stewart Bros. v. Ransom, 204 Ala. 589, 87 So. 89. Code 1923, § 7681; Acts 1923, pp. 290, 320. There was no error in sustaining objection to the question asked Hare, whether it was any part of his duty to drive a truck; it called for

a conclusion, was leading, and the question was answered. Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721; Millsapp v. Woolf, 1 Ala. App. 599, 56 So. 22.

BOULDIN, J. This is an action in damages for injuries to person and property, resulting from a collision of motor vehicles on a public highway. The questions presented for review relate solely to rulings upon evidence offered upon the trial.

[1, 2] For the purpose of identifying the truck which collided with plaintiff's automobile as the property of the defendant, Macon County Lumber Company, the plaintiff offered in evidence a certified copy of the certificate of title and license receipt, giving the motor number and tag number, as found in the records of the state tax commission. The copy was certified by Mrs. Kate G. Minto, chief clerk, motor vehicle department, reciting therein that she was the chief clerk of that department and custodian of said records.

Objection was made upon the ground that it did not appear that the certifying officer is the proper person to certify the transcript, nor that she had the custody of such records; that the transcript purported to be under the seal of the state tax commission, but no seal was attached. The objections were overruled, and exception reserved.

The state tax commission is given supervisory powers over the licensing and certification of titles of automobiles. It provides tags and receipts in triplicate, one of which is returned to the commission, and makes rules and regulations for delivery of the tag and receipt to the licensee. Acts 1923, p. 290, § 20. The commission prescribes the forms for certification of titles (Acts 1923, p. 321, § 2) and keeps files and indexes of certificates, "so that at all times it will be practicable to trace title to the motor vehicle designated therein." Section 3, p. 322. The commission is empowered to employ such assistants as necessary for the performance of its duties. Acts 1919, p. 319, § 137.

"All transcripts of books or papers or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant, or employee of any municipality, city, county, or of the state of Alabama, or of the United States, when certified by the proper custodian thereof, must be received in evidence in all courts. * * *" Code 1923, § 7681.

Under the plenary powers conferred upon the state tax commission as one of the executive departments of the state government, it has authority to establish a subdivision or bureau known as the motor vehicle department, to employ a chief clerk, and to make such clerk the lawful custodian of the records and files of such bureau. In such case, the statute designates such custodian as the prop-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er person to make certified transcripts of its records for use as evidence. The policy of the statute, as well as the common law, admitting certified copies of public records as prima facie evidence, is to avoid the necessity of removing original records from their proper custody and of requiring the attendance of public officers and employees as witnesses in the courts. The same policy excuses the calling of witnesses to prove the identity of the custodian or his signature. The readiness with which parties may investigate the contents of public records, as well as the name of the lawful custodian thereof (and the court may advise its judicial knowledge on such matters), furnishes such safeguard against fraud and forgery that a transcript, in due form, purporting to come from the proper office and to be certified by the person having the lawful custody thereof, is admissible without further proof. Metropolitan Life Ins. Co. v. Parks. 210 Ala. 261, 97 So. 788; 3 Wigmore on Ev., §§ 1636, 1679(a); 22 C. J. p. 838, § 978.

[3] That the custodian is named by the head of a department, rather than the statute itself, does not change the rule. The statute does not require a seal. Dealing with an official certificate made within our own jurisdiction, we deem the seal unnecessary.

[4] Other rulings relate to evidence offered by defendant going to the issue of liability for the negligence of the driver of the truck, under the doctrine of respondeat superior. The truck was being driven by B. E. Hare. His testimony was to the effect that he was in the employ of defendant as planing mill foreman; that the line shaft broke and was taken out by him that day; that he was bringing the shaft to Montgomery for repairs at the time of the collision; that he was not employed at the time of the accident to drive an automobile truck for defendant; that he was not working as foreman at the time, but going to town on Saturday to visit his sister over Sunday; that the truck was owned by Tom Gallops and Hare arranged with him to get the truck and drive it to Montgomery; that it had on it a Georgia tag; and that witness took an Alabama tag from another truck and put it on this one before starting to Montgomery.

Tom Gallops testified that he was engaged in hauling lumber on his own truck by contract with defendant at so much per thousand; that the truck in collision was his truck; that defendant owned no trucks at the time; that he made a contract that day with Mr. Ridenour, one of the managers of the company, to bring the shaft to Montgomery, and was paid for the service. The record then recites:

"Defendant asked the witness: Did you and B. E. Hare run together, meet up together, after you had agreed to bring that shaft to Montgomery? A. Yes, sir.

"Q. What was said between you?

"Plaintiff objected to the question and the court sustained the objection, to which ruling the defendant then and there duly and legally excepted.

"Defendant's attorney then stated that he expected to show by the witness that he and Mr. Hare agreed that, as Mr. Hare knew the road to Montgomery and the witness did not, Mr. Hare might drive the truck in and perform the duty that the witness had been employed to do in consideration, of course, that Mr. Hare might serve his personal purpose in going to the city.

"On objection from the plaintiff, the court declined to permit the defendant to prove it, and to said ruling the defendant then and there duly and legally excepted."

[5] In this ruling there was error. The proposed testimony went directly to the issue as to whether Hare was driving the truck in the line and scope of his employment by defendant. That there was testimony of other witnesses to like effect did not render the ruling harmless. Cumulative evidence on material and disputed questions of fact is a right of the litigant. It was not subject to the rule against hearsay evidence. It went to the question of Hare's relation to defendant, as master and servant, in driving the truck at the time. That the witness afterwards stated he did know the road to Montgomery was not such denial of the agreement called for as to avoid injury. Such evidence merely went to the suggested inducement to the agreement and not the agreement itself.

In this connection, the defendant was entitled to show that Hare was informed of the contract with Gallops to bring the shaft to Montgomery at the time Hare undertook to do so.

Evidence that the repair or maintenance of the machinery was not within the scope of the duties of a foreman of the planing mill, that driving a truck was not within his duties, and that Hare had no orders from any managing officer of defendant should have been received. Whether such evidence was in, notwithstanding objections to the questions were sustained, we need not now consider.

We intimate no opinion upon the weight of the evidence. No instructions were asked nor motion made raising such questions. Clearly there was conflict in the evidence on several material points.

For errors in rulings on testimony, the cause must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.