(125 So. 643)

## SCOTT v. CULPEPPER. (6 Div. 469.)

Supreme Court of Alabama.   Jan. 16, 1930.

W. Marvin Scott, of Cullman, for appellant

GARDNER, J.   This appeal presents the question of the right of a citizen of Cullman county, also a practicing attorney, to have issued to him a certified copy of a death certificate entered in the record book of the local registrar of precinct No. 1 of said county. The learned trial judge entertained the view, as disclosed by his opinion appearing in the record, that petitioner was not so entitled and dismissed the petition upon the theory that the local registrar was not the final custodian of the writing, which in her hands was not a complete record, but that such certified copy should be obtained from the state registrar (section 1087, Code 1923), or from the office of the probate judge (section 1085, Code 1923)

Upon due consideration, however, we are not persuaded this is the correct view. The death certificate, a copy of the record of which was duly demanded, was filed with respondent as local registrar and entered in the record book kept for that purpose.   Section 1085, Code 1923.   When this record book is filled, the provision in the above-cited statute is that the local registrar deliver it to the probate judge, and it is kept in that office thereafter as a permanent local record of births and deaths.   But it is to be noted this is to be done only when the book is filled.   In the meantime the local registrar is the custodian thereof.   To the time of the delivery of this record book to the probate judge thereof, no certified copy could manifestly there be obtained.   A somewhat similar obstacle is presented in obtaining such copy from the state registrar, as provided by section 1087, Code 1923.   Under the provisions of the statute (section 1085, supra), the local registrar is not required to transmit the original certificates of births and deaths until the 10th day of the month; that is, as to those registered the preceding month.   It is readily seen, therefore, there may be a considerable period of time during which the local registrar is sole custodian and the record book in the local office the sole record thereof.   It may be important that for some purpose there be immediate delivery of a certified copy of such record, and the only question is whether or not such contingency is provided for elsewhere in our statute.   We find ourselves in accord with petitioner's insistence that such a situation is fully met by the general provisions of sections 2694–2696, Code 1923.

In Michael v. State ex rel. Welch, 163 Ala. 425, 50 So. 929, it was held that every one who is appointed to discharge a public duty and receives compensation therefor, in whatever shape, is a "public officer."   The local registrar discharges a public duty and receives compensation therefor from the public funds, sections 1086, Code 1923.   And we think it requires no argument to disclose that such registrar is a public officer.   See, also, section 2694, Code 1923.

The statutes clearly disclose also that these birth and death certificates are kept and record thereof made for the use of the public, and it cannot be questioned such a record constitutes a "public writing" within the influence of section 2695, supra, which gives every citizen a right to inspect and take a copy of any public writing of this state, "except as otherwise expressly pro-

vided," and section 2696, Code, supra, which reads in part as follows: "Every public officer having the custody of a public writing, which a citizen has a right to inspect, is bound to give him, on demand, a certified copy of it, on payment of the legal fees therefor."

The death certificate entered on the record book of the local registrar was a public writing in the custody of such registrar as a public officer, subject to inspection by any citizen, and to which a certified copy is due to be given upon demand and the payment of the legal fee therefor. See, also, section 7681, Code 1923; Macon County Lbr. Co. v. Jones, 215 Ala. 157, 110 So. 1.

The amended petition discloses (and the averments thereof are not here questioned) that the death certificate, a copy of which is sought in this proceeding, was filed and entered on the record book of the local registrar on July 17, 1929, and that on that date, after its record, petitioner demanded a certified copy and tendered the legal fee therefor. Accepting as correct the averments of the petition, we think petitioner was entitled to such certified copy, and that the trial court erroneously dismissed his petition.

The judgment is reversed, and the cause remanded, to be proceeded with in accordance with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.