148 So. 593

### INGRAM v. EVANS et al.
### 7 Div. 98.

Supreme Court of Alabama.
March 16, 1933.

Rehearing Denied May 25, 1933.

15

Alto V. Lee and W. T. Murphree, both of Gadsden, for appellant.

Dortch, Allen & Dortch, of Gadsden, for appellee.

THOMAS, Justice.

The suit was for damages inflicted by a police officer, against that officer and the surety on his official bond.

The civil liability of officers and sureties for ministerial acts done or performed under color of office was the subject of recent consideration in Pickett v. Richardson, 223 Ala. 683, 138 So. 274; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Burge v. Scarbrough, 211 Ala. 377, 100 So. 653.

Demurrers were sustained to counts 1, 4, and 6, and the trial was had on counts 2, 3, and 5.

■■ The legal effect of the agreement and intention of the parties to the bond of indemnity is well stated in the counts as amended, to which demurrers were overruled, and in respect to it the breached and resulting damages sustained have been assigned; and as so assigned show that the contract obligation has been broken and plaintiff has a cause of action. This was sufficient under

the authorities supra and National Surety Co. v. Citizens' Light, Heat & Power Co., 201 Ala. 456, 458, 460, 78 So. 834; McCord v. Bridges, 211 Ala. 295, 297, 100 So. 469; Stearnes v. Edmonds, 189 Ala. 487, 491, 66 So. 714; Code of 1928, § 9462 (Code 1923, § 9462). There was no misjoinder of parties or causes.

■ The party having the beneficial interest has the right to use the name of the party who is the obligee in a bond (Alabama Power Company v. Hamilton, 201 Ala. 62, 77 So. 356; Robinson Lumber Co. v. Sager, 199 Ala. 675, 75 So. 309) not prescribed by law. Peinhardt v. West, 212 Ala. 83, 101 So. 736. The city of Attalla is alleged to be the obligee in the bond (sought to be declared upon) obligatory on the principal and surety for the use and benefit of every person who was injured and came within the terms and contract obligations. Sections 2612, 2614, Code of 1923. These sections are a part of article 5 of chapter 45. Several of the sections contain expressions as "If any officer required by law" and "Every official bond is obligatory on the principal and sureties," etc. Sections 2613, 2615, Code.

The inquiry then is: Was this an official bond properly declared on in the breach assigned against an officer required by law or by municipal authorities to give that bond?

■■ On a bond that is prescribed by law, the injured party may sue, as was done here. Peinhardt v. West, supra; Deason v. Gray, Sheriff, 189 Ala. 672, 66 So. 646; National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514. This is the construction of our statutes, sections 1887, 1905, 2595, and 2612, Code. No error was committed in declining the offer of plaintiff to make the city a party suing for the use of the original plaintiff, and in sustaining defendants' motion to strike such last amendment.

The minutes of the city offered in evidence show the due election of defendant Evans as a street overseer and policeman at a stated salary and for the time indicated—"until their successors are elected and qualified."

■■ The city clerk, Mr. McClendon, testified without objection, that:

"Rube Evans was appointed patrolman of the City of Attalla by the Mayor. I don't think he was elected by the council at a regular meeting; he made a bond. I don't know that we have anything in our Minutes or in the Ordinance requiring this bond. I know that all policemen make bond. I don't know that there is anything at all in the Ordinance or the Minute Book, I have never seen them. They are all under bond all right; they are under bond.

"After the execution of the bond by Rube Evans on September 2, 1930, he performed the duties of policeman in the City of Attalla, and he was paid for this service. I have been City Clerk of the City of Attalla seven years.

The building in which the books and ordinances of the City of Attalla were kept was burned some time ago."

The former Mayor, Mr. Irwin, testified:

"I was Mayor of the City of Attalla in 1918 and 1922. There was a fire in Attalla that destroyed some of the Ordinance books of the City of Attalla during the Stewart administration; that was in 1912.

"Here the plaintiff propounded this question to the witness:

"I will ask you whether or not it is your best recollection that at that time prior to that fire the city had an ordinance requiring the policemen to give bond?

"Defendant objected to this question, and the Court sustained the objection, and the defendant then and there duly excepted.

"Plaintiff's counsel stated that they offered to show by the witness that his best recollection is that there was an ordinance of the City of Attalla at the time the fire occurred that required the policemen to give bond."

Where there are no written minutes that were transcribed and kept, or where they were, after passage and transcription, destroyed, as by fire, parol evidence may be given of the fact of the passage of such ordinance and the contents thereof. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There was sufficient preliminary proof, or the offer thereof, of the destruction by fire of said municipal records, as to let in secondary evidence that the successive mayors and boards of aldermen, during the period covered by such destroyed minutes, had required official bonds of such officers, and that they gave the same. Kilgore v. Stanley, 90 Ala. 523, 8 So. 130; Williams v. Colbert County, 81 Ala. 216, 1 So. 74; Brown v. Shelby County, 204 Ala. 252, 85 So. 416; Wise v. State, 208 Ala. 58, 93 So. 886.

Mr. Childers, a former clerk after the time of the fire, testified that he wrote the application for the instant bond; and was asked and answered as follows:

"You knew at that time, Mr. Childers, that the governing body of the City of Attalla required their police to execute a bond, did you not?

"The defendant objected to this question and the Court sustained the objection, and the defendant then and there duly excepted.

"Counsel for the plaintiff stated that he proposed to show that he as the agent for this company knew the governing body of the City of Attalla required the policemen to execute bond before they served as policemen.

"I was not City Clerk at the time they had a fire over there in which the city books were burned. Mr. Glenn, I believe was clerk; he is in Birmingham I think now. I became City Clerk in the latter part of 1916 I think it

was, I am not sure. I remained as City Clerk until October 1924.

"Here the plaintiff propounded the following question to the witness:

"During the time you were clerk for the City of Attalla, the governing body of the City of Attalla required their policemen to give bond, did they not?

"Defendant objected to this question and the Court sustained the objection.

"Counsel for plaintiff stated to the court that he proposed to show by this witness here, who was also agent for the Bonding Company, that during the time he was clerk of the City of Attalla the governing body of the City of Attalla required bond of their police officers before they could serve on the police force. * * *

"Plaintiff's counsel stated that he expected to prove by this witness that the city paid for the bond.

"Here the Court propounded this question to the witness:

"You say the city got you to make the bond? Who got you to make the bond?

"The witness answered: "The Mayor of Attalla."

Mr. Duke, being recalled, was asked:

"During the five years that you have been Mayor of the City of Attalla have you required the police officers to give security bonds before they could work for the City of Attalla?

"Defendant objected to this question and the court sustained the objection, and the plaintiff then and there duly excepted.

"Plaintiff's counsel stated that he expected to prove by this witness that during the five years he has been Mayor, before an officer could work for the City of Attalla he was required to give bond with a surety company."

This covered the term of defendant, and should have been answered. The official was such that he collected the street tax of the city, and all officers and employees of such municipality who collect public moneys, "or exercise authority over the property of municipalities," are required to give bond with approved sureties. Section 1905, Code. This is mandatory. Peinhardt v. West, 212 Ala. 83, 101 So. 736. The city charter required the marshal to give bond with sufficient and approved sureties, conditioned upon the faithful discharge and performance of the duties of his office, and to keep a true and correct account of all moneys that came into his hands as such officer. Acts 1900–01, pp. 934–939, § 2. This was superseded by the Municipal Code, and thereby bonds are required of officers handling money or exercising authority over property of the municipality, "conditioned to faithfully discharge and perform the duties of their respective offices." Section 1905, Code; Peinhardt v. West, supra.

Section 1887 further provides for the power to elect or appoint officers, and section 1908, subsec. 10, for the power to organize police forces.

The fact of designation of a "marshal," as a "policeman," in generic terms is immaterial. Peinhardt v. West, supra. A policeman and street overseer was not merely a person under contract with the city, but his election in this case by resolution of the governing body of the municipality "the Mayor and Board of Aldermen," at a salary of $85 per month, indicated him to be a public official charged with important public duties and the trust created by the law and that of his election, as pertained to the subject-matter and duties imposed on such officer. Michael v. State ex rel. Welch, 163 Ala. 425, 50 So. 929; Scott v. Culpepper, 220 Ala. 393, 125 So. 643; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803; Jenkins v. State ex rel. Watson, 219 Ala. 554, 123 So. 31; Macon County Lumber Co. v. Jones, 215 Ala. 157, 110 So. 1; United States v. Maurice, 2 Brocken & B. 102, Fed. Cas. No. 15,747; Berry v. Bass, 157 La. 81, 102 So. 76, 80; Hall v. City of Shreveport, 157 La. 589, 102 So. 680, 681.

The statutes provide that "every written contract, the foundation of the suit, purporting to be executed by the party sought to be charged," is evidence "that the party undertook to perform the duty for which it was given, and that it was made on sufficient consideration" (section 7662, Code); that cities and towns may require bonds of appointees (section 1887, Code), when not mandatory under section 1905 of the Code, for the city's moneys in the hands of such official (Peinhardt v. West, 212 Ala. 83, 101 So. 736); that, for any breach of an official bond or undertaking in an official capacity, "the person aggrieved may sue in his own name, assigning the appropriate breach (section 5682, Code of 1928, and authorities); that every official bond is obligatory on the principal and sureties thereon (section 2612, Code 1928); that the statutes having application thereto are read into the bond and become a part thereof (Mobile County v. Williams, Judge, 180 Ala. 639, 61 So. 963; National Surety Co. v. State, 219 Ala. 609, 123 So. 202; Pickett v. Richardson, 223 Ala. 683, 138 So. 274); that the bonds of municipal officers are subject to the provisions of sections 2612, 2613 of the Code. (Peinhardt v. West, supra; Ex parte Martin, 180 Ala. 620, 625, 61 So. 905).

It is apparent, and we hold, that the legal effect of the bond declared upon was to make it obligatory on the principal and surety for the use of every person injured on account of the breach of official duty of such officer, or done by him under the color of his office. Section 1905, Code; Ex parte Martin, supra; Deason v. Gray, Sheriff, 189 Ala. 672, 675, 66 So. 646; Fite v. Pearson, 215 Ala. 521, 522, 111 So. 15, and authorities cited; Pickett v.

Richardson, supra; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Harbin v. O'Rear, 219 Ala. 173, 121 So. 547; Hain v. Gaddy, 219 Ala. 363, 122 So. 329; Daniels v. Milstead, 221 Ala. 353, 128 So. 447; Sprowl v. Lawrence, 33 Ala. 674; L. R. A. 1918B, page 1125. The instrument was executed, tendered, and accepted as an official bond, and the principal entered into the discharge of the duties of his office under the terms of such bond, and it will be given effect as his official bond (28 Cyc. 420; United States Fidelity & Guaranty Co. v. Union Trust & Savings Company, 142 Ala. 532, 38 So. 177; Hannis Distilling Company v. Lanning, 191 Ala. 280, 68 So. 137; Searcy v. Cullman County, 196 Ala. 287, 71 So. 664), and the surety can make no defense not open to the principal when the action is upon the bond (Town of Clayton v. Martin, 7 Ala. App. 190, 194, 60 So. 963; 29 Cyc. 1465; 15 Enc. Pl. & Pr. 153, § 6).

Moreover, the fact, if it be a fact, that no formal ordinance was passed by the city requiring its policemen to give bond, would be defensive matter that rested upon the defendant after the evidence of his official acts under the suretyship given and assumed. The case should be retried and evidence admitted under the foregoing rules of law. The bond should have been admitted in evidence, and it was error to exclude it on the motion of the defendant. The proof showed that defendant surety was informed, when the bond in question was executed and delivered, that the principal (defendant) had been appointed a policeman of said city; that he was giving bond with surety for the discharge of his acts as said official, or done under color of that office, and on the faith of such suretyship he assumed the office in question and entered upon the discharge of his duties as such, as declared in the counts of the complaint.

The judgment of the circuit court is therefore, reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.