**STATE of Missouri, Respondent,**

v.

**Cyril Lew BROWN, Appellant.**

**No. 55923.**

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel V. O'Brien, St. Louis, for appellant.

JACK P. PRITCHARD, Special Judge.

Appellant was convicted by the verdict of a jury for the commission of the crime of robbery in the first degree. Upon a finding that appellant was a second offender, the court sentenced him to twenty years imprisonment in the Department of Corrections.

The sufficiency of the evidence to sustain the conviction is not questioned. Appellant's points relate (1) to the court's refusal to suppress evidence taken from an automobile without a search warrant; (2) the admission of documentary proof of a prior Indiana felony conviction (it being said also that the Indiana conviction of "entering" a dwelling house with intent to commit a felony is not a felony in Missouri as required by § 556.290, RSMo 1969, V.A.M.S.); and (3) that the court erred "in allowing extensive evidence tending to prove defendant 'guilty by association' with codefendant Larry Lynn Asbury."

On the hearing on the motion to suppress evidence these facts were brought out: On March 21, 1968, Gilbert E. Rains, a patrolman of the City of Creve Coeur, Missouri, was working the "Three thirty to eleven" shift in a marked police vehicle. About 8:32 p. m. he received a radio call of a burglary at No. 52 Country Fair. While en route to the scene he observed an automobile on Ladue Road about 300 feet west of Country Fair. He stopped and looked into the car. At that time Rains did not know what items were taken in the burglary, but he did know that Sgt. Cooper had been dispatched to the scene. Rains radioed his position on Ladue Road, and when he went to the vehicle and shined the flashlight in its window he saw two coin collection books and a pair of nylons in the front seat. In the rear seat were two coats hanging from a coat hanger and a bottle of whiskey. Rains radioed the dispatcher and told him what items were in the car. He backed five to six hundred feet east, keeping the car in view, and concealed the police vehicle as best he could in some shrubbery. About 8:45 p. m. Cooper, who had gone to the scene of the burglary, radioed the information that two coats, one brown and one gray, and coin collection books were missing from 52 Country Fair Acres. Rains heard that report and acknowledged that he was at the car and had it under surveillance. He sat there about an hour, then drove back to the car, opened the right-hand door, and looked in the glove compartment and searched it. At this time Rains was looking to find who owned the automobile. He found two wallets, a first-aid box, a box of .38 and a box of .32 ammunition, a prescription medicine bottle with the name Cy Brown on its label. There was no one around the vehicle at the time, nor had Rains seen anyone as he watched the vehicle for an hour. After he searched the glove compartment Rains called for a tow truck and the car was taken to his police station where he removed the items from the glove compartment and those on the rear seat. The people who lived at 52 Country Fair Acres, whose name was Levin, viewed the two coats at the police station and identified the coin

collection, the two books, a first-aid box, and Lincoln head pennies (taken from the car) as their property which was taken from their home. The wallet taken from the glove compartment contained $170.00, a social security card and a driver's license which had the name Cyril Lew Brown on them.

Appellant testified on the motion to suppress that on March 21, 1968, at noon, he was in Champaign, Illinois, with Asbury. A vehicle was then rented by Asbury's wife, Donna, for appellant who gave her the money for the rental. Appellant drove the vehicle to St. Louis where it was under his care, custody and control, and parked it on Ladue Road about 300 feet west of Country Fair street and left it there. Appellant placed the wallet and the prescription bottle (pills) in the glove compartment.

Sgt. Howard Cooper was dispatched to the Levin home at 52 Country Fair Acres on March 21, 1968, and arrived there about 8:40 p. m. He determined from Mr. Levin that two coats and some coin collection books were missing from the home and Cooper dispatched that information to Officer Rains.

The robbery for which appellant was convicted was committed upon Sally Jean Altman who lived at No. 3 Country Fair Lane in Creve Coeur. No claim of error is made as to the evidence of the robbery. Appellant and Larry L. Asbury were taken into custody by Officer Rains in Denver, Colorado, on April 6, 1968, and he and Officer Cooper returned them to Creve Coeur.

■ Appellant's only thrust at the trial court's denial of the motion to suppress is that error was made by the court in ruling (in part) that appellant had no standing to object to the search of the rented car. The argument is irrelevant under the facts of this case which show that Officer Rains had reasonable grounds and thus probable cause to search the car without a search warrant. Rains knew that a burglary, a felony, had been committed in the vicinity of where he found the parked car on Ladue Road, and at a time when he was en route to the burglary scene. His first act was merely to look into the car and by shining his flashlight into it to observe coin books, two coats and a bottle of whiskey in *plain view*. State v. Watson, Mo., 386 S.W.2d 24, 28 [1]; State v. Cage, Mo., 452 S.W.2d 125, 128 [1–3]; Williams v. United States (C.A.5th), 404 F.2d 493, 494 [4]; and State v. Hohensee, Mo., 473 S. W.2d 379, 381. He did not then open the car door and seize these items, but radioed to the dispatcher the information as to the items he saw in the car. Sgt. Cooper then informed Rains by radio as to items missing from the burglarized Levin home, which items fit the general description of those Rains saw in the car. Thus, Rains had reasonable cause for a belief that the contents of the car offended against the law. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 554. Important here also is the obvious fact that the burglars of the Levin home had not been apprehended. If Rains had not acted as he did in keeping the car under surveillance, then looking into its glove compartment to ascertain ownership, then having it towed to the police station, retaining its custody, for further search, it was possible that the burglars would have returned to it and driven it away with the loot. See Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419, and State v. Edmonds, Mo., 462 S.W.2d 782, 784 [2, 3], setting forth the rule that because of their mobility automobiles may be searched without a warrant upon facts not justifying a warrantless search of a residence or office. The ruling of the trial court did not rest alone upon its finding that appellant had no standing to object to the search and seizure, and consequently appellant's contention is overruled.

■ Appellant first attacks the proof of prior conviction upon the ground that the certificates of the purported clerk were not "regular on their face." He says that

the signatures of "Alpha E. Byrum" as "Clerk of Madison Circuit Court" on certificates attached to State's Exhibits 6 and 7 are so obviously not executed by the same person as to destroy the presumption of regularity. There is indeed a presumption of regularity and genuineness of writings. 31A C.J.S. Evidence § 150 d, p. 380. "It has been held that the recital in a certificate to a copy of a document as to the official character of the officer as the legal custodian of it is prima facie proof of that fact, and that it is unnecessary to call witnesses to prove the identity of the custodian or his signature." 32 C.J.S. Evidence § 664, p. 867; Macon County Lumber Co. v. Jones, 215 Ala. 157, 110 So. 1, 2. Here the questioned documents bear the signatures of the superintendents of the Indiana Reformatory as custodians of its files; the signature of the circuit judge and the seal of the Madison County Circuit Court. Since there was a presumption of genuineness of the clerk's signatures, the burden of rebutting that presumption was upon appellant. 31A C.J.S. Evidence § 111, pp. 188, 189. Appellant produced no rebutting evidence in this regard.

■ Appellant next contends that a small index card, which recites that he was "received" at the Indiana Reformatory, is not included in the documents certified to by the warden, and thus there is no evidence that he was so received. § 556.280 provides only that a defendant be convicted of a prior offense punishable by imprisonment in the penitentiary; that he shall have been sentenced therefor; and that he was subsequently placed on probation, fined or imprisoned for the offense. These facts are fairly shown by the documents actually certified to by the warden.

■ As above noted the certifications of the documents were sufficient to comply with the requirements of § 490.220, RSMo 1969, V.A.M.S., and there is no merit in appellant's contention that there was no proof that the records were kept in any public office of a sister state. See State v. Gray, Mo., 423 S.W.2d 776, 782. Here the documents recite that the superintendent of the Indiana State Reformatory was the signer and legal custodian of its records. The circuit judge so attested. State v. Hendrix, 331 Mo. 658, 56 S.W.2d 76, 80, lacked proof that the persons certifying the documents were the keepers of them. In State v. Young, Mo., 366 S.W.2d 386, 390, a senior records clerk signed the documents—not the superintendent who was the custodian by statute. The documents here accord with the proof in State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327, 330.

■ It is contended that the Indiana conviction of *entering* a dwelling house with intent to commit a felony is not a felony in Missouri as required by § 556.290. Appellant obviously confuses this state's *breaking* into a dwelling house with intent to commit some felony with the Indiana statute under which he was convicted, § 10–704, Burns' Ind.Stat.Ann., IC 1971, 35–13–4–5, requiring only an entering of any dwelling house. The argument ignores the statute, § 560.050, RSMo 1969, V.A.M.S. (making it a felony to enter a dwelling house with intent to commit a felony therein), which is very similar to the Indiana statute, and which of course is a felony, thus satisfying the requirements of § 556.290.

■ It is unnecessary under § 556.280 that appellant must have been granted a trial on the Indiana charge or that he be shown to have pleaded guilty thereto. State's Exhibit 5 recites that appellant was represented by counsel at the time of sentencing. Appellant says there was no showing that he was represented by counsel at any trial or at the time of a plea of guilty. There is no burden on the state to prove such a fact. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the documentary proof offered of a prior conviction showed on its face that defendant had no counsel, hence the holding that there was a denial of the right to counsel.

At the trial Officer Rains further testified that when he removed the contents

from the parked automobile he found a certificate of title in the name of Larry L. Asbury, a check bearing the names "Larry Lynn Asbury," "Donna Asbury" and "Larry Asbury," a traffic ticket for Larry L. Asbury, 1722 North Neil, Champaign, Illinois. There was evidence that the automobile was rented to Donna J. Asbury on March 21, 1968 from an Avis agency in Champaign, Illinois, and after it was taken into custody by Officer Rains it was delivered to Avis' employee, Condolious Lyles, who drove it to an Avis agency in Champaign. Sally Jean Altman, the victim of the robbery, who identified appellant in photographs, at a lineup, and at the trial, testified that there was another man with him at the time of the robbery. The other man was taller and darker than the one to whom Sally gave $21.00 in her home. She described the men to Sgt. Cooper as "a white male about twenty-two, about five ten, about one hundred forty five pounds, dark wavy hair, thin nose, face needing a shave and wearing a musty green jacket" and "Number 2 was a white male, mid-twenties, light hair, oval face." Appellant was one of two men to whom Sally gave a cash box (containing from $150.00 to $170.00) which was in her father's basement office. There was evidence that Asbury, his wife and father lived in Champaign, Illinois, and neither Asbury nor appellant were at home when the police went there the day after the robbery. Appellant and Asbury were in custody in Denver, Colorado, on April 6 or 7, 1968, when the police returned them to St. Louis County.

■ Appellant says that the foregoing facts were insufficient to show an association between appellant and Asbury at the time of the robbery to permit an inference of guilt to flow from Asbury to appellant because of that association. He says the court emphasized the erroneous evidence by instructing the jury that the charge was against appellant, "together with one Larry Lynn Asbury" for the robbery first degree offense, "but only the defendant, Cyril Lew Brown, is on trial at this time." The above evidence establishes a chain of events tying the two together from Champaign, Illinois, on the very day of the robbery, to the place on Ladue Road where the rented car was parked. That place was near the scene of the robbery, and papers with Asbury's name on them place him with appellant at the time the car was parked. It is true that there was no positive evidence that Asbury was the man present with appellant when the robbery was committed, but the foregoing facts would justify the inference that he was present and remained so until the two were apprehended in Colorado. The evidence was not improper. Appellant cites no case in support of his position. The whole series of events constituted what the jury could determine were the acts of accomplices, and was not inadmissible nor prejudicial to appellant. See 22A C.J.S. Criminal Law § 777, p. 1181.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by PRITCHARD, Sp. J., is adopted as the opinion of the Court.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.